SOUTHEASTERN EXPRESS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24172, 32373, 40021, 42431. Promulgated April 7, 1930.

*H. L. Greene, Esq.*, for the petitioner.

*Harold Allen, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

## OPINION.

SMITH: The points in controversy in this proceeding are:

(1) Whether the petitioner is entitled to a deduction under the head of ordinary and necessary expenses for 1921 of $31,517.63, which the respondent has disallowed on the ground that they constitute organization expenses, and

(2) Whether the item of $51,300 paid to petitioner by the American Railway Express Co. in 1924 constitutes income of the petitioner for 1921 and not for 1924, as determined by the respondent.

The Board has held that organization expenses of a corporation may not be deducted as ordinary and necessary expenses of operation. *Emerson Electric Mfg. Co.*, 3 B. T. A. 932; *Simmons Co.*, 8 B. T. A. 631. The petitioner admits that under those decisions it is not entitled to deduct, from the gross income of 1921, $7,723.25 which the evidence shows to have constituted organization expenses or expenses connected with the obtaining of the charter, obtaining subscriptions to capital stock, etc. The evidence further shows that one-half of the general counsel's time for the first three months of 1921 was connected with the organization of the corporation. His salary for this period was $1,500. We think that one-half of this amount, or $750, should likewise be considered organization expenses. We therefore reach the conclusion that the total organiza-

tion expenses were $8,473.25. This amount was in our opinion properly disallowed by the respondent as a deduction from gross income. The evidence shows that the balance of the amount disallowed by the respondent as organization expenses, namely, $30,767.63, was spent in salaries of officers and clerks, traveling expenses, printing, stationery, etc., prior to the actual receipt of express packages for shipment. We think that the entire amount of $30,767.63 constituted ordinary and necessary expenses of operation for 1921 and are legal deductions from gross income.

The second question for our consideration is whether an item of $51,300 returned by the petitioner as income for 1921 was income for that year or for 1924. The petitioner kept its books of account upon the accrual basis in accordance with the requirement of the Interstate Commerce Commission. It apparently accrued these amounts in good faith upon its books and accounted for that income in its income-tax return for 1921. It is true that the American Railway Express Co. resisted the claim but in the end it was forced to pay it. We think that it was properly accrued in the year 1921. In *Lucas* v. *American Code Co.*, 280 U. S. 445, it is stated:

* * * And the direction that net income be computed according to the method of accounting regularly employed by the taxpayer is expressly limited to cases where the Commissioner believes that the accounts clearly reflect the net income. Much latitude for discretion is thus given to the administrative board charged with the duty of enforcing the Act. * * *

We are of the opinion that no rule can be laid down defining the time when income accrues which will cover all cases. The question as to when an item of income accrues is largely a question of fact. If service has been rendered it is logical to assume that the income to be received from such service accrues with the rendering of the service. Cf. *Western Maryland Ry. Co.*, 12 B. T. A. 889, in which the Board held that retroactive back mail pay under a prior decision of the Interstate Commerce Commission should be allocated by the railroad, not to the year in which the payment was received, to wit, 1919, but to the years 1916 and 1917, in which the service of transportation was rendered. Cf. *Great Northern Ry. Co.*, 8 B. T. A. 225, in which the Board stated at page 269:

In our opinion the requirement of the Interstate Commerce Commission that interest accrued on funded securities shall not be credited to income accounts prior to actual collection " unless its payment is reasonably assured by past experience, guaranty, anticipated provision or otherwise," is entirely consistent with a system of accounting which is designed to reflect any company's true income. * * *

We are of the opinion that much weight should be given to the books of account of the taxpayer kept in good faith. The petitioner accrued the $51,300 in question on its books of account in 1921 and

returned the income for that year. We believe that its return made upon such basis correctly reflected its income upon the accrual basis, so far as the $51,300 in question is concerned.

In his brief the respondent argues that if the Board were to hold that the $51,300 in question should be allocated to the year 1921, such an allocation would create an anomalous situation, since intervening years are before the Board and a correct decision as to the total recovery would necessarily require a determination of the amounts to be allocated to all prior years and not merely to separate some portion of the total amount for the mere purpose of offsetting the sum that may be found by the Board to be deductible for the year 1921, which forms the basis of the first issue in this proceeding. This argument does not appear to us to be sound. The evidence indicates that for the years 1922 and 1923, the petitioner did not accrue charges against the American Railway Express Co. and it accounted for the difference between $51,300 and the $208,643.95 received from the American Railway Express Co. in 1924 as income for 1924. We perceive no reason why that income should not be returned as income of the year 1924. We are only concerned with the item of $51,300 which the petitioner accrued in the year 1921. We think that the accrual was proper.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK concurs in the result only.